```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
RALF HARTMANN,                                              :
                                                            :
                                     Plaintiff,             :
                                                            :           20-CV-4923 (VSB)
              - against -                                   :
                                                            :           **OPINION & ORDER**
                                                            :
POPCORNFLIX.COM LLC, et al.,                                :
                                                            :
                                     Defendants.            :
                                                            :
------------------------------------------------------------X
```

Appearances:

Marc Andrew Lebowitz
Lebowitz Law Offices LLC
New York, NY
*Counsel for Plaintiff*

Eric Brent Porter
Stradley Ronon LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

Plaintiff Ralf Hartmann ("Plaintiff") brings this action against Defendants Popcornflix.com LLC ("Popcornflix") and Chicken Soup For the Soul Entertainment, Inc. ("Chicken Soup" and together, "Defendants") alleging direct copyright infringement, contributory infringement, vicarious infringement, and copyright infringement in violation of foreign copyright laws. Before me is Defendants' motion to dismiss the First Amended Complaint and Jury Demand pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff plausibly alleges direct copyright infringement of the film *After the Rain*, but fails to plausibly allege direct copyright infringement of the films *Commander Hamilton*, *Austin Powers*,

or *The Last Tattoo*, or claims of contributory infringement, vicarious infringement, or foreign copyright infringement of any films, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

### I. Factual Background and Procedural History[1]

This case concerns Defendants' unauthorized distribution of four films currently owned by Plaintiff: *Commander Hamilton*, *After the Rain*, *Austin Powers: International Man of Mystery* ("*Austin Powers*"), and *The Last Tattoo* (together, the "Films"). (*See* Am. Compl. ¶¶ 41–52.) Defendant Popcornflix is a "direct-to-consumer online video streaming and on demand service." (*Id.* ¶ 23.) Because Popcornflix is advertiser-supported, its "library of digital content, including full-length films and television series" is free to subscribers. (*Id.*) Popcornflix operates in the United States and more than 60 other countries. (*Id.* ¶ 26.) Popcornflix is a Delaware limited liability company that is a wholly owned subsidiary of Chicken Soup, a Delaware corporation. (*Id.* ¶¶ 4–6.) Chicken Soup acquired Popcornflix in or around November 2017. (*Id.* ¶ 53.)

Plaintiff is a German citizen who is "the owner of the copyrights in" *Commander Hamilton*, *After the Rain*, and *The Last Tattoo*, and "the owner of the international copyrights in" *Austin Powers*. (*Id.* ¶¶ 3, 12–13.) Plaintiff was not the original copyright registrant for any of the Films. "As set forth in the records of the Copyright Office," the entity Zweite Beteiligung KC Medien AG ("Zweite KC Medien") was assigned copyrights to *Commander Hamilton*, *After the Rain*, and *Austin Powers*, among other movies.[2] (*See id.* ¶¶ 14, 15.) Zweite KC Medien

---

[1] The facts set forth herein are taken from allegations in the First Amended Complaint and Jury Demand ("Amended Complaint"). (*See* Doc. 22 ("Am. Compl.").) I assume Plaintiff's allegations in the Amended Complaint to be true for purposes of the motion. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should be not construed as a finding as to their veracity, and I make no such findings.

[2] Plaintiff also owns copyrights to the movies *Music From Another Room*, *Pete's Meteor*, and *Drop Dead Gorgeous*, having been assigned the rights by Capella Films, which was assigned the rights by Zweite KC Medien. (*See* Am.

transferred its interests in *Commander Hamilton*, *After the Rain*, and *Austin Powers*, among other films, to the entity Capella Films "[b]y a written assignment agreement dated May 27, 2007," (*id.* ¶¶ 16, 17), and Capella Films then transferred its interests in *Commander Hamilton*, *After the Rain*, and *Austin Powers*, among other films, to Plaintiff "[b]y a written agreement and short form assignment dated January 1, 2008 and entered into between Capella Films and [Plaintiff]," (*id.* ¶ 18). Likewise, Capella International, Inc. ("Capella International") was assigned the copyright in *The Last Tattoo*, "[a]s set forth in the records of the Copyright Office." (*Id.* ¶ 19.) Capella International then transferred its interests in *The Last Tattoo* to Capella International GmbH ("Capella Intl. GmbH") "[b]y a written agreement and short form assignment dated January 1, 2012," (*id.* ¶ 20), which transferred its interests in *The Last Tattoo* to Plaintiff "[b]y a written agreement and short form assignment dated January 1, 2012 and entered into between Capella Intl. GmbH and [Plaintiff]," (*id.* ¶ 21).

Beginning in July 2017, Popcornflix began distributing *Commander Hamilton*, *After the Rain*, and *The Last Tattoo* to subscribers in the United States, and all four Films to subscribers located outside the United States. (*See id.* ¶¶ 41–45.) Plaintiff estimates that each of the four Films was distributed "hundreds if not thousands of times since July 2017." (*Id.* ¶ 83.) Popcornflix did not have any license to distribute the Films. (*See id.* ¶¶ 48–52.) Plaintiff alleges, on information and belief, that Popcornflix had digital rights management software that allowed it to monitor its intellectual property rights and avoid infringement. (*See id.* ¶¶ 66, 67.) In addition, Popcornflix's prior owner, Screen Media Ventures, LLC, has been involved in breach of contract litigation against Plaintiff and Capella International involving the Films. (*See id.* ¶

---

Compl. ¶¶ 12–18.) However, since Defendants are not alleged to have distributed these three movies, I focus instead on the Films, which this lawsuit claims to have been infringed.

3

70.)  Plaintiff sues Defendants for direct copyright infringement, contributory infringement, vicarious infringement, and copyright infringement in violation of foreign copyright laws.  (*See id.* 17 ¶ 90–24 ¶ 112.)[3]

Plaintiff filed this action on June 26, 2020.  (Doc. 1; *see also* Doc. 9 (corrected Complaint).)  Defendants moved to dismiss on November 9, 2020.  (Doc. 14.)  On November 30, 2020, Plaintiff filed the Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  ("Am. Compl.")  On January 13, 2021, Defendants filed a motion to dismiss the Amended Complaint, (Doc. 22), a memorandum of law in support, (Doc. 23 ("Defs.' Mem.")), and a declaration in support, (Doc. 24 ("Porter Decl.")).  On March 19, 2021, Plaintiff filed an opposition, (Doc. 32 ("Pl.'s Opp.")), and a declaration in support, (Doc. 34 ("Lebowitz Decl.")).  On May 14, 2021, Defendants filed a reply.  (Doc. 36 ("Defs.' Reply").)  On January 17, 2023, Plaintiff filed a letter informing me of the recent decision in *Screen Media Ventures, LLC v. Capella Int'l*, 2023 N.Y. Slip Op. 30169 (N.Y. Sup. Ct. 2023).  (Doc. 37.)  The following day, Defendants wrote a letter in response, stating that the decision is not relevant to the pending motion to dismiss.  (Doc. 38.)  On January 19, 2023, Plaintiff submitted another brief letter reaffirming their position that *Screen Media Ventures, LLC* is relevant to the present action.  (Doc. 39.)

Separately, Plaintiff filed a number of actions in this District, which, while not formally related, concern some of the same films as those at issue here:

- On June 26, 2020, Plaintiff sued Amazon.com Inc. and Amazon Digital Services LLC ("Amazon") alleging that Amazon infringed his copyrights to *After the Rain*,

---

[3] Beginning on page 21, Plaintiff appears to have made typographical errors in numbering his paragraphs.  For clarity's sake, I will cite both the page number and paragraph number for paragraphs after 92.  (*Compare, e.g.*, Am. Compl. 19 ¶ 102 (alleging contributory infringement) *with* Am. Compl. 23 ¶ 102 (alleging vicarious infringement).)

    *Commander Hamilton*, *Austin Powers*, and *Drop Dead Gorgeous*. *Hartmann v. Amazon.com, Inc.* (*Amazon*), No. 20 CIV. 4928 (PAE), 2021 WL 3683510, at *2 (S.D.N.Y. Aug. 19, 2021). Judge Paul A. Engelmayer granted in part and denied in part Amazon's motion to dismiss. *Id.* at *11. The parties settled on May 17, 2022. Notice of Settlement, *Amazon*, No. 20 CIV. 4928 (PAE) (S.D.N.Y. May 17, 2022), Doc. 59.

- On July 24, 2020, Plaintiff sued Google LLC and YouTube LLC (together "Google") alleging that Google infringed his copyrights to *After the Rain*, *Commander Hamilton*, *The Last Tattoo*, *Austin Powers* and *Drop Dead Gorgeous*. *Hartmann v. Google LLC* (*Google*), No. 20 CIV. 5778 (JPC), 2022 WL 684137, at *3 (S.D.N.Y. Mar. 8, 2022). Judge John P. Cronan granted in part and denied in part Google's motion to dismiss. *Id.* at *8.

- On August 3, 2020, Plaintiff sued Apple, Inc. ("Apple") alleging that Apple infringed his copyrights to *After the Rain* and *Austin Powers*. *Hartmann v. Apple, Inc.* (*Apple*), No. 1:20-CV-6049-GHW, 2021 WL 4267820, at *2 (S.D.N.Y. Sept. 20, 2021). Judge Gregory H. Woods granted in part and denied in part Apple's motion to dismiss. *Id.* at *8. The parties reached a settlement and filed a stipulation of voluntary dismissal with prejudice on January 3, 2023. Stipulation of Voluntary Dismissal, *Apple*, No. 1:20-CV-6049-GHW (S.D.N.Y. Jan. 3, 2023), Doc. 79.

Although I did not accept *Apple*, *Amazon*, or *Google* as related cases, I consider the opinions issued by my colleagues in deciding the motion before me.

## II. <u>Legal Standard</u>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### III.    Discussion

#### A.    *Direct Copyright Infringement*

Plaintiff asserts that both Defendants are liable for direct copyright infringement. (Am. Compl. 17–18 ¶¶ 90–97.) "To withstand a motion to dismiss, a complaint based on copyright infringement must allege: (1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Carell v. Shubert Org.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) (internal quotation marks omitted).

Defendants argue that Plaintiff does not sufficiently allege direct copyright infringement because he fails to plead both ownership and registration. I find that while Plaintiff adequately pleads that he owns all four Films, he only plausibly alleges that *After the Rain* was registered with the U.S. Copyright Office, and fails to plausibly allege registration of *Commander Hamilton*, *Austin Powers*, or *The Last Tattoo*. Therefore, Plaintiff's direct copyright infringement claims with regard to *Commander Hamilton*, *Austin Powers*, and *The Last Tattoo* are dismissed without prejudice.

##### 1. Ownership

"[O]wnership of a copyright may either be transferred by operation of law (e.g., dissolution of the corporate entity) or by 'an instrument of conveyance, or a note or memorandum of the transfer in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.'" *Wallert v. Atlan*, 141 F. Supp. 3d 258, 277 (S.D.N.Y. 2015) (quoting 17 U.S.C. § 204(a)). "[A]n assignee may assert a claim for copyright infringement that occurred after the transfer as long as he plausibly alleges that he received the copyright through a

valid transfer and was the copyright owner during the alleged infringement." *Hutson v. Notorious B.I.G., LLC*, No. 14-CV-2307 (RJS), 2015 WL 9450623, at *3 (S.D.N.Y. Dec. 22, 2015).

Plaintiff unambiguously alleges that he "owns" the copyrights in the Films. (Am. Compl. ¶¶ 1, 12, 13; *id*. 17 ¶ 91; *id*. 19 ¶ 99; *id*. 24 ¶ 110.) Although Defendants characterize the Amended Complaint as containing "bare allegations regarding the alleged transfers and short-form Assignments," (Defs.' Mem. 9), Plaintiff is not required at this stage to "allege an unbroken chain of title." *U2 Home Ent., Inc. v. Kylin TV, Inc.*, No. 06-CV-02770 DLI RLM, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007). "Although later in the litigation the plaintiff bears the burden of proving copyright ownership, at this early stage, a mere allegation of ownership may suffice." *Amazon*, 2021 WL 3683510, at *4. While Plaintiff did not explicitly allege that the assignments were signed, (*see* Defs.' Mem. 8; Defs.' Reply at 2), I find that this deficiency is not fatal to his claim of ownership. Plaintiff alleges that he "entered into" "written agreement[s]" memorializing the transfer of the relevant copyrights, (Am. Compl. ¶¶ 18, 21), so I reasonably infer that the agreements were "signed by the owner of the rights conveyed," 17 U.S.C. § 204(a)), as is required for the execution of a written agreement. *See also Apple*, 2021 WL 4267820, at *4 ("The facts alleged in the complaint are sufficient to reasonably infer that the written assignments were signed.").

Defendants also identify apparent inconsistencies between Plaintiff's Amended Complaint in this action and his pleadings in other related actions. (*See* Defs.' Opp. 6, 9–10.) However, I may not consider this information. "Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials." *Goel v. Bunge,*

8

*Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). Those materials include "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken." *Id.* (quoting *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n.2 (2d Cir. 2016)). While I "may take judicial notice of a document filed in another court," I may not do so "for the truth of the matters asserted in the other litigation," but only "to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (cleaned up).

Therefore, I find that Plaintiff has plausibly alleged that he owns copyrights to *Commander Hamilton*, *After the Rain*, *Austin Powers*, and *The Last Tattoo*.

### 2. Registration

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Accordingly, "[a] certificate of copyright registration is a prerequisite to asserting a civil copyright infringement claim." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 52–53 (2d Cir. 2020). Although "[p]laintiffs are generally not required to attach certificates of registrations or to plead registration numbers in their complaint," "if a plaintiff is unable to produce the registration number after discovery, his claim will not survive summary judgment." *Newton v. Penguin/Berkley Pub. USA*, No. 13 CIV. 1283 CM, 2014 WL 61232, at *4 (S.D.N.Y. Jan. 6, 2014) (internal quotation marks omitted).

With regard to the motion picture *After the Rain*, the Amended Complaint does provide the correct copyright registration number, (*see id.* at 6 (citing Porter Decl. Ex. D)), so I find that Plaintiff plausibly alleges that the copyright for *After the Rain* has been registered, but not

9

*Commander Hamilton*, *Austin Powers*, or *The Last Tattoo*.  However, Plaintiff's claims of direct copyright infringement of the films *Commander Hamilton*, *Austin Powers*, and *The Last Tattoo* must fail because the Amended Complaint never expressly alleges "that the copyrights have been registered in accordance with the statute." *Carell*, 104 F. Supp. 2d at 250.  Although Plaintiff does provide purported copyright registration numbers for the Films, (*see Am. Compl.* ¶¶ 12, 13),[4] the numbers for *Commander Hamilton* and *Austin Powers* are associated with "recordation of copyright-related contracts with the U.S. Copyright Office, not registrations to underlying motion picture works," (Defs.' Mem. 12; *see also id.* at 5 (citing Porter Decl. Exs. A, B)).  I cannot infer from the recordation of copyright-related contracts that the underlying copyright has been registered because these "documents may be recorded, even if the copyright has not been registered with the Office." U.S. Copyright Office, Compendium of U.S. Copyright Office Practices § 2303 (3d ed. 2021).[5]  Likewise, the number for *The Last Tattoo* is "the registration of a textual work (a script), not a copyright registration for the motion picture work," (Defs.' Mem. 5 (citing Porter Decl. Ex. C)), and I cannot necessarily infer that the motion picture work has been registered as well.[6]

To be sure, "the complaint is not required to attach copies of registration certificates or provide registration numbers for all of the copyrights at issue in order to survive a motion to dismiss." *Palmer Kane LLC v. Scholastic Corp.*, No. 12 CV 3890, 2013 WL 709276, at *3

---

[4] I may consider the underlying documents associated with these registration numbers as documents "incorporated in the complaint by reference." *Goel*, 820 F.3d at 559 (internal quotation marks omitted).

[5] Notably, Plaintiff alleges ownership of both "copyrights," (Am. Compl. ¶ 12), and "international copyrights," (*id.* ¶ 13), so I infer that these copyright-related contracts recorded with the U.S. Copyright Office may concern copyrights registered outside the United States.

[6] Although Plaintiff argues that this registration number "does reflect the registration of a copyright in the motion picture *The Last Tattoo*," (Pl.'s Opp. 10), all the other copyright registrations Plaintiff attaches to his opposition list the "Type of Work" as "Motion Picture," (*see* Defs.' Reply 4 (citing Lebowitz Decl. Exs. A, C, F)), while the copyright registration Plaintiff provides for *The Last Tattoo* lists the "Type of Work" as "Text," (Porter Decl. Ex. C; Lebowitz Decl. Ex. D).  The reasonable inference is that the registration is not for a motion picture.

(S.D.N.Y. Feb. 27, 2013).  However, Plaintiff simply does not allege anywhere else in the Amended Complaint that *Commander Hamilton*, *Austin Powers*, and *The Last Tattoo* are registered with the U.S. Copyright Office.  (*See generally* Am. Compl.); *cf. Apple*, 2021 WL 4267820, at *5 (denying motion to dismiss where Plaintiff alleged he was "the owner of copyrights in the following motion pictures which are registered with the United States Copyright Office"); *Amazon*, 2021 WL 3683510, at *5 (denying motion to dismiss where Plaintiff alleged the films "are registered with the United States Copyright Office"); *see also Palmer Kane LLC*, 2013 WL 709276, at *3  ("The complaint properly alleges that the copyrights have been registered in stating that the copyrights that are the subject of this action have been registered with the United States Copyright Office." (cleaned up)).  Furthermore, although Plaintiff cites additional copyright registrations in his opposition, (*see* Pl.'s Opp. 8–12; Lebowitz Decl. Exs. A, C, F)), I cannot consider this information in evaluating Plaintiff's Amended Complaint.  *See, e.g.*, *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.").

Therefore, I find that Plaintiff only plausibly alleges that the copyright to *After the Rain* has been registered as required by statute, and Plaintiff's direct copyright infringement claims as to *Commander Hamilton*, *Austin Powers*, and *The Last Tattoo* are dismissed without prejudice.

### B. *Contributory Infringement*

Plaintiff asserts that both Defendants are liable for contributory infringement.  (Am. Compl. 19–21 ¶¶ 98–108.)  "To state a claim for contributory infringement, a plaintiff must allege facts that a defendant 'with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another.'"  *Rams v. Def Jam Recordings, Inc.*,

202 F. Supp. 3d 376, 383 (S.D.N.Y. 2016) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who know or have reason to know of the direct infringement." *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (internal quotation marks omitted). "In weighing the knowledge requirement, courts consider evidence of actual and constructive knowledge, including cease-and-desist letters, officer and employee statements, promotional materials, and industry experience." *Capitol Recs., LLC v. ReDigi Inc.*, 934 F. Supp. 2d 640, 658 (S.D.N.Y. 2013), *aff'd*, 910 F.3d 649 (2d Cir. 2018). "Without a showing of a direct copyright infringement, secondary liability cannot be maintained." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018).

        Construing Plaintiff's contributory infringement claim as alleging direct infringement by Popcornflix's subscribers, (*see* Am. Compl. 20 ¶¶ 104–06; *contra* Defs.' Mem. 15–16), Plaintiff still fails to plausibly allege Defendants' knowledge of direct infringement. Plaintiff alleges that Defendants essentially had two reasons to know that they were contributing to direct infringement. First, Plaintiff alleges, on information and belief, that Popcornflix had digital rights management software that allowed it to monitor its intellectual property rights and avoid infringement. (*See* Am. Compl. ¶¶ 66, 67.) A plaintiff may "plead[] facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Recs., LLC*, 604 F.3d at 120 (internal quotation marks and citations omitted). However, a conclusory allegation that a defendant employs digital rights management software, absent any allegation that the defendant investigated or would have had reason to investigate the alleged infringement, is "insufficient to state a claim for contributory copyright

12

infringement." *Apple*, 2021 WL 4267820, at *7 (collecting cases); *see also Amazon*, 2021 WL 3683510, at *7 ("[B]eyond its broad claim that Amazon possessed tools that in theory could have been deployed to uncover the fact of the infringement, the SAC is silent."); *Google*, 2022 WL 684137, at *7 ("Hartmann pleaded nearly identical allegations of knowledge in *Amazon.com* and *Apple*, where the courts found the allegations to be insufficient as well."). Therefore, the allegation related to digital rights management software cannot support Plaintiff's claims of contributory infringement.

Second, Plaintiff alleges that Popcornflix's "former parent" is involved in breach of contract litigation in state court that involves, among other things, *Commander Hamilton*, *After the Rain*, *The Last Tattoo*, and *Austin Powers*. (*See* Am. Compl. 70.) Neither Defendant is a party to that litigation, (*see* Defs.' Opp. 14), and Plaintiff provides no case law supporting his argument that knowledge of facts alleged in litigation "can and should be imputed to" non-parties, (Pl.'s Opp. 18). I find that the sole fact that Popcornflix's former owner is involved in unrelated litigation touching on the Films is not enough to put Popcornflix on notice that it was contributing to direct infringement of the Films. Moreover, Plaintiff makes no allegation that it sent "cease-and-desist letters" or that there were other traditional indicia of actual or constructive knowledge. *Capitol Recs.*, 934 F. Supp. 2d at 658.

Therefore, Plaintiff's contributory infringement claim is dismissed.[7]

### C. *Vicarious Infringement*

Plaintiff argues that Chicken Soup is vicariously liable for Popcornflix's infringement because "Chicken Soup purchased Popcornflix in or about November of 2017, and Popcornflix

---

[7] To the extent that Plaintiff's allegations of contributory infringement outside the United States constitute a separate claim, (*see* Am. Compl. 22–23 ¶¶ 92–101), I need not address it since Plaintiff does not state any claim for contributory infringement, domestically or internationally.

now operates as a wholly-owned subsidiary of Chicken Soup." (Am. Compl. ¶¶ 53–56, 76–78; *id.* 23 ¶¶ 102–05.) To state a claim for vicarious infringement, a plaintiff must allege facts that "the defendant had the right and ability to supervise that coalesced with an obvious and direct financial interest in the exploitation of copyrighted materials." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 99 (2d Cir. 2016) (internal quotation marks omitted). "A person 'infringes contributorily by intentionally inducing or encouraging direct infringement, and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.'" *Spinelli*, 903 F.3d at 197 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)).

As explained *supra*, Plaintiff fails to plead direct infringement of the copyrights of *Commander Hamilton*, *Austin Powers*, or *The Last Tattoo*. Accordingly, Plaintiff's claims for contributory infringement by Chicken Soup must also fail as to *Commander Hamilton*, *Austin Powers*, and *The Last Tattoo* "because there can be no contributory infringement absent actual infringement." *Faulkner v. Nat'l Geographic Enterprises Inc.*, 409 F.3d 26, 40 (2d Cir. 2005)

Further, Plaintiff fails to plausibly allege that Chicken Soup "had the right and ability to supervise" Defendant Popcornflix in a manner that would give rise to vicarious liability. *EMI*, 844 F.3d at 99 (cleaned up). "A parent-subsidiary relationship, standing alone, is not enough to state a claim for vicarious liability against a parent for the actions of its subsidiary." *Mayimba Music, Inc. v. Sony Corp. of Am.*, No. 12 CIV. 1094 AKH, 2014 WL 5334698, at *13 (S.D.N.Y. Aug. 19, 2014); *see also Google*, 2022 WL 684137, at *8 ("Google's ownership of YouTube does not alone suffice to show control."); *Amazon*, 2021 WL 3683510, at *9 (collecting cases). To the extent that Plaintiff's direct copyright infringement claim survives, Plaintiff does not plausibly allege that Chicken Soup could be held vicariously liable.

Therefore, Plaintiff's vicarious infringement claim is dismissed.

### D.   *Violations of Foreign Copyright Laws*

Finally, Plaintiff alleges that

> Popcornflix is now accessible via the internet to subscribers in the United States, as well as over 60 countries around the globe, including, without limitation, Canada, United Kingdom, Ireland, Australia, New Zealand, Germany, France, Denmark, Sweden, Finland, Norway, Hong Kong, Singapore, the Philippines, India, Malaysia, South Korea, Pakistan, Mexico, Argentina, Iran, Iraq, Saudi Arabia, Poland, Russia, Turkey and China (the "Foreign Countries").

(Am. Compl. ¶ 26.)  Plaintiff alleges that Defendants distributed the Films to subscribers in these foreign countries, among others, (*see id.* ¶ 43), and that each act of infringement "constitutes a separate infringement under the Foreign Copyright Laws, entitling [Plaintiff] to money damages under the Foreign Copyright Laws, including, where applicable, statutory damages for each infringing act." (*Id.* 24 ¶ 112.)  "Foreign Copyright Laws" is undefined. (*See generally id.*)  "Beyond reciting a nonexclusive laundry list of large countries, [Plaintiff] does not allege which foreign countries' laws [Defendants] violated . . . let alone any specific foreign law that was violated, or the factual basis for alleging that such occurred." *Amazon*, 2021 WL 3683510, at *10.  Like my colleagues, I find "[s]uch vague allegations do not state a claim." *Google*, 2022 WL 684137, at *8; *see also Amazon*, 2021 WL 3683510, at *10 (same); *Apple*, 2021 WL 4267820, at *7 (same).

Plaintiff's claim for violations of unspecified foreign copyright laws is hereby dismissed.

### E.   *Leave to Amend*

Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that courts grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[I]t is within the sound discretion of the court whether to grant leave to amend." *In re Alcon S'holder Litig.*, 719 F. Supp. 2d 280, 281 (S.D.N.Y. 2010) (quoting *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d

15

458, 462 (2d Cir. 1994)). Generally, when courts grant a motion to dismiss, amendments are favored because they "tend to facilitate a proper decision on the merits." *Sokolski v. Trans Union Corp.*, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks omitted). Thus, a plaintiff is typically granted leave to amend in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed . . . or futility of amendment." *Alcon*, 719 F. Supp. 2d at 281–82 (cleaned up).

Accordingly, I grant Plaintiff leave to replead the dismissed claims. Any amended pleading must be filed within twenty-one (21) days of the date of this Opinion & Order.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED as to Plaintiff's claim of direct copyright infringement of the film *After the Rain* and GRANTED as to Plaintiff's claims of direct copyright infringement of the films *Commander Hamilton*, *Austin Powers*, and *The Last Tattoo*, as well as Plaintiff's claims of contributory infringement, vicarious infringement, and foreign copyright infringement. The Clerk of Court is respectfully directed to close all pending motions.

SO ORDERED.

Dated: September 5, 2023
      New York, New York

*[Signature]*
Vernon S. Broderick
United States District Judge